**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**GLENN ALLEN TEMPLE**                                                                                           **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 3:12cv607-CWR-LRA**

**RANKIN COUNTY**                                                                                             **DEFENDANT**

**ORDER**

Before the Court is the Letter Motion of Plaintiff to Dismiss Civil Action against Rankin County [Docket No. 50] filed on January 14, 2004.

Said Motion explains:

> This is a request to dismiss the Civil Action that I currently have against Rankin County.  I no longer feel that this is a relative matter.  Please let me know that this matter has been ended.

*Id*.  Rankin County has responded explaining that it does not oppose said Motion, "provided that the dismissal is with prejudice. [Docket No. 51].

Proceeding *pro se* Plaintiff filed this Action on August 28, 2012.  Complaint, Docket No. 1.  The Court granted Plaintiff's Motion to Proceed *in forma pauperis*.  [Docket No. 10].  An Omnibus Hearing was held in this matter on April 25, 2013, [Docket No. 33] after which the Court entered a Scheduling Order setting this case on the Court's trial calendar commencing February 23, 2014.  *See* Minute Entry of May 8, 2013.  At the conclusion of the discovery period, Rankin County filed its Motion for Summary Judgment and supporting Memorandum asserting several bases as to why judgment must be entered in its favor.  [Docket Nos. 42 & 43].  This prompted Plaintiff to request the Court to appoint him counsel, [*see* Docket No. 44], but that request was denied. [Docket No. 45].  Plaintiff then responded to the Motion for Summary Judgment.  [*See* Docket No. 46].  Rankin County then filed its reply.  [Docket No. 48].  The Court canceled the pre-trial conference as it considered the Motion for Summary Judgment.  The

Plaintiff then filed the instant Motion, but he did not specify whether he wanted to dismiss the case with or without prejudice.

In its current posture, Plaintiff cannot voluntarily dismiss without prior permission by the Court. Fed.R.Civ.P. 41(a)(2) provides:

> Except as provided in Rule 41(a)(1), [which allows a plaintiff to voluntarily dismiss an action without court order before the opposing party files an answer or motion for summary judgment] an action may be dismissed at the Plaintiff's request only by court order on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"'When a party seeking to voluntarily dismiss a claim pursuant to Rule 41(a)(2) is silent as to whether the dismissal should be with or without prejudice, the district judge is required to interpret the motion one way or the other.'" *Rucker ex rel. Rucker v. Indianolia Health and Rehab. Center*, No. 4:05cv78, 2006 WL 3307507, at *1 (N.D. Miss Nov. 9, 2006) (quoting *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 888 (10th Cir 2005)). Although Rule 41(a)(2) creates a presumption that a dismissal is without prejudice, this Court is empowered with the discretion to dismiss the action with prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). This type of dismissal has a substantially different effect on future claims Temple might bring against Rankin County. If the case is dismissed with prejudice, "any future lawsuits based on the plaintiff's claims in this suit are barred by the doctrine of *res judicata*." *Rucker*, 2006 WL 3307505, at *2. On the other hand, a dismissal without prejudice leaves open the possibility that Temple could file "another lawsuit for the same claims as long as it is done within the applicable statute of limitations period." *Id*.

Because this matter has proceeded through the regular litigation course, including, the filing of motions, the parties' participation in discovery and hearings, which culminated in the filing of the Defendant's Motion for Summary Judgment, the Court finds that a dismissal with

prejudice is appropriate.  A dismissal without prejudice would be substantially prejudicial to the Defendant.  Moreover, the Plaintiff has advised the Court that he "no longer feel[s] that this is a relative matter."  [Docket No. 50].

It is therefore Ordered and Adjudged that Plaintiff's pro se Motion of Voluntary Dismissal is granted and that all Plaintiff's claims against Defendant are Dismissed with Prejudice.  A separate Final Judgment will be entered on this day.

SO ORDERED AND ADJUDGED, this the 17th day of January, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE